UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT C. HOBBY,

Plaintiff,

v. Case No. 3:26-cv-1842-JEP-SJH

FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

---

# ORDER

Plaintiff Robert C. Hobby, an inmate of the Florida Department of Corrections ("**FDOC**"), is proceeding on a pro se Civil Rights Complaint Form ("**Complaint**," Doc. 1). Plaintiff sues the FDOC, Warden Travis Lamb, and Officer Anthony Norfleet, based on events that occurred at Reception and Medical Center Workcamp in 2025. (*Id.*). Plaintiff alleges as follows:

> On 8-21-2025, Officer Anthony Norfleet, uneededly [sic], without probable cause, assaulted Plaintiff in front of five witnesses, causing blunt trauma to the head, cheekbone, [and] jawbone, as well as inner damage to the nose and bridge of Plaintiff's mouth.
>
> On 9-5-2025, . . . Plaintiff was seen by medical experts who notated and verified his injuries.

(*Id.* at 8–9 (punctuation added)). As relief, Plaintiff seeks monetary and punitive damages, and asks for Officer Norfleet's demotion and retraining. (*Id.* at 10).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). The factual allegations in a complaint must be

"simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). All reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). While "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). Further, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (unpublished but persuasive) (quotations and citation omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham*

*v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a section 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Further, the PLRA requires an inmate to exhaust available administrative remedies before filing a § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a). "[Section] 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citation omitted); *see also Ross v. Blake*, 578 U.S. 632, 648 (2016) ("Courts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement. The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'").

In Florida, the grievance process consists of a three-step procedure, including an informal grievance, a formal grievance, and an appeal. Fla.

Admin. Code Ann. § 33-103. The PLRA "mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) (quoting *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). "In short, inmates must exhaust administrative remedies so long as there is the possibility of at least some kind of relief." *Varner v. Shepard*, 11 F.4th 1252, 1259 (11th Cir. 2021) (quotations and citations omitted). "[F]ailure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, "[a] complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint." *Bingham*, 654 F.3d at 1175.

Construing Plaintiff's allegations liberally,[1] the Complaint will be dismissed without prejudice for failure to state a plausible claim for relief. First, to the extent Plaintiff attempts to bring an Eighth Amendment excessive force claim against Officer Norfleet, he fails to give Defendant an adequate notice of the claim. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (stating that in determining whether prison officials used excessive force, the core inquiry

[1] In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham*, 654 F.3d at 1175.

is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'" (citation omitted)). Here, Plaintiff's conclusory allegations that Officer Norfleet needlessly assaulted him in front of five witnesses on August 21, 2025, are wholly insufficient to state a plausible Eighth Amendment claim for excessive use of force and give Officer Norfleet an adequate notice of such claim.[2]

As to Warden Lamb and the FDOC, the Complaint includes no factual allegations explaining Defendants' respective roles in the alleged constitutional deprivations. To the extent Plaintiff attempts to hold Warden Lamb liable solely based on his supervisory role, Plaintiff is cautioned that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." *Id.* Supervisory liability arises under § 1983 only "when the supervisor personally participates in the alleged

---

[2] While the Court would normally give Plaintiff a chance to amend the Complaint "if a more carefully drafted complaint might state a claim," *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023), it would be futile to do so here, because Plaintiff admits he has not attempted to exhaust his administrative remedies. (*See* Doc. 1 at 2–3).

unconstitutional conduct or when there is a causal connection between actions of a supervising official and the alleged constitutional deprivation." *Id.* Therefore, any claims against Warden Lamb premised on supervisory liability are subject to dismissal.

Any official-capacity claims against Defendants are also subject to dismissal. Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, a suit against Defendants in their official capacities is equivalent to suing the FDOC itself, but the FDOC is not a "person" within the meaning of § 1983. *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) (unpublished but persuasive). Moreover, the FDOC is immune from § 1983 liability for damages. *Zatler*, 802 F.2d at 400. Therefore, Plaintiff has failed to state a plausible claim for relief against any Defendant and his Complaint will be dismissed without prejudice. If Plaintiff believes he can state a plausible claim, he may file a new civil right action after exhausting his administrative remedies.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of October, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Robert C. Hobby, #F91062